UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NAISY RICHARDS                                    CIVIL ACTION

VERSUS                                            NO: 16-4262

KCJ'S TRUCKING, LLC., ET AL.                      SECTION: "A" (3)

### ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 16)** filed by defendant Tangipahoa Parish; **Motion for Partial Summary Judgment Regarding Cross-Claim (Rec. Doc. 23)** filed by defendant Town of Amite City. Both motions are opposed. The motions, noticed for submission on July 13, 2016, are before the Court on the briefs without oral argument.

According to the Complaint, on May 10, 2015, plaintiff Naisy Richards rode as a passenger in an Amtrak train as it travelled along rails in the City of Amite, located in Tangipahoa Parish in the State of Louisiana. A truck operated by a Mr. Ricketson, while in the course and scope of his employment with K.C.J.'s Trucking, LLC, attempted to cross the tracks at Pope Lane in Amite when he collided with the train. Mr. Ricketson was killed in the accident and Ms. Richards contends that she was injured. It appears from the pleadings that this particular intersection has a long history of serious accidents including prior fatalities.

Richards alleges that the railroad crossing at Pope Lane was dangerous in that it did not have lights, audible warnings, or crossing arms, and it was not well-maintained

and in a good state of repair. Plaintiff filed the instant complaint on May 5, 2016, against K.C.J.'s Trucking, LLC, its insurer State National Insurance Co., Town of Amite City, Parish of Tangipahoa, Illinois Central Railroad Co., and National Railroad Passenger Corp. ("Amtrak").

Town of Amite City moves for partial summary judgment on a portion of the cross-claim that State National Insurance Co. has asserted against it—the portion that suggests that State National is seeking tort indemnity from the other defendants, including Amite. Amite argues that Louisiana law no longer recognizes a claim for tort indemnity by one defendant against another given its shift to a pure comparative fault scheme.

State National does not dispute Amite's contention and in light of the motions to dismiss filed by Amite and Tangipahoa, supplemented its cross-claim to clarify that it seeks recovery of property damage payments made to or on behalf of its insured as subrogee of K.C.J.'s Trucking. (Rec. Doc. 20).

Therefore, to the extent that State National was seeking tort indemnity from Amite, Amite's motion is GRANTED and that part of State National's cross-claim is DISMISSED.[1]

Tangipahoa Parish's motion to dismiss the portion of State National's cross-claim that seeks tort indemnity is likewise GRANTED.

Tangipahoa Parish also moves to dismiss Richard's claim. The Parish's argument

---

[1] The Court finds State National's pleadings and its opposition to be equivocal on the issue of whether it had been seeking tort indemnity from the other defendants. For this reason, the Court will grant Amite's motion instead of denying it as moot.

is that Amite is responsible for maintaining the Pope Lane railroad crossing and that Richards even pleaded that the crossing was located within Amite's city limits. Amite contends that the jurisprudence of this state recognizes that a parish is only liable when the roadway in question does not fall inside of a municipality.

Tangipahoa Parish's motion as to Richards' claim is DENIED. First, the Court disagrees with the Parish's interpretation of the caselaw. The caselaw does not suggest that a parish is ipso facto not responsible for maintaining a roadway simply because it falls within a municipality. Thus, judgment as a matter of law is not appropriate. Second, as Richards points out, Amite denies that the crossing was within its municipal limits which leaves Richards in an untenable position. The Parish's solution to this dilemma is for the Court to let the Parish out of the lawsuit and allow Richards to amend her complaint if she later determines that the crossing is not within Amite's jurisdiction. Given that Richards is equally comfortable with either the Parish or Amite assuming responsibility so long as one of them unequivocally does so, the Court is persuaded that the better solution is to keep both defendants in the case until they either agree on which one of them was responsible for the crossing or until either the Parish or Amite demonstrates that it is entitled to judgment as a matter of law on the issue.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 16)** filed by defendant Tangipahoa Parish is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment Regarding Cross-Claim (Rec. Doc. 23)** filed by defendant Town of

Amite City is **GRANTED** as explained above.

July 25, 2016

                                                              _____
                                                                             JAY C. ZAINEY
                                                              UNITED STATES DISTRICT JUDGE